JOSEPHINE D. COTHRAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cothran v. Commissioner
Docket No. 4090-72.
United States Tax Court
T.C. Memo 1974-109; 1974 Tax Ct. Memo LEXIS 210; 33 T.C.M. (CCH) 547; T.C.M. (RIA) 74109; May 1, 1974, Filed. *210 (1) The petitioner excluded part of her alimony payments and deducted the full amounts she paid as interest on a home mortgage and as real estate taxes. The same issues and facts were litigated in an earlier case involving the same petitioner, Josephine D. Cothran, 57 T.C. 296 (1971). Held, collateral estoppel applies to prevent her from relitigating these issues. (2) The petitioner deducted attorneys' fees paid incident to defending a partition action. Held, no part of the attorneys' fees is deductible. Sec. 212, I.R.C. 1954. Ottway Burton, for the petitioner. Eric B. Jorgensen, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The respondent determined a deficiency of $919.29 in the petitioner's 1968 Federal income tax. The first issue we must decide is whether the petitioner is entitled to exclude from her gross income certain payments received from her former husband under section 71(b) of the Internal Revenue Code of 1954. [1] We must also determine to what extent the petitioner may deduct interest payments on a home mortgage and payments made for real estate taxes under sections 163(a) and 164(a). Whether we reach these issues on their merits depends on whether collateral *212 estoppel applies to prevent the petitioner from litigating such issues. An independent issue to be decided is whether the petitioner is entitled to a deduction under section 212 for certain legal expenses incurred pursuant to defending a partition action. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Josephine D. Cothran, was a legal resident of Asheboro, North Carolina, at the time of filing her petition herein. She filed her 1968 Federal income tax return, using the cash method of accounting, with the director, Southeast Service Center, Chamblee, Georgia. In 1948, Josephine and Charles Cothran were married, and two children, Diane Michelle and Autumn Lynn, were born of that marriage. In 1962, Mr. Cothran abandoned Mrs. Cothran, and thereafter, she and the children continued to live in the residence occupied by them prior to the separation. They owned the property as tenants by the entirety until July 19, 1965, when the title changed to tenants in common by operation of law. In September 1962, Mrs. Cothran instituted a proceeding against *213 Mr. Cothran in the Superior Court of Randolph County, North Carolina, wherein she sought to obtain a judgment of reasonable support and alimony pendente lite for herself and their two children. The court entered an order dated September 21, 1962, granting her support for herself, denominating it alimony pendente lite, support and temporary custody of the children, and attorney's fees. Mr. Cothran was directed to pay to the clerk of the court $160 every month, commencing September 29, 1962, "for the use and benefit of the plaintiff [Mrs. Cothran] and the children of the marriage." He was also ordered to pay $175 for the use and benefit of Mrs. Cothran's attorney. The court further awarded Mrs. Cothran and the children exclusive use and possession of the house they occupied. With respect to the house and property, Mr. Cothran was ordered to pay the monthly mortgage charges, county property taxes, and insurance premiums. A second order was entered on February 10, 1965, following a motion made by Mrs. Cothran. In pertinent part, the order provided that Mr. Cothran: shall hereafter pay into the office of the Clerk of Superior Court of Randolph County the sum of THREE HUNDRED *214 TEN AND NO/100 ($310.00) DOLLARS per month commencing with the month of March, 1965, and thereafter pending final determination of the issues involved in this matter. The said sum of $310.00 per month is to be disbursed to the plaintiff [Mrs. Cothran] by the Clerk of Superior Court for the use and benefit of plaintiff and the children of the marriage of plaintiff and defendant; and no further payments on account of this action shall be required of the defendant. From said $310.00 per month, plaintiff shall pay ad valorem taxes, hazard insurance and the monthly payments on the indebtedness to Security Life and Trust Company * * * On May 12, 1965, Mr. Cothran was granted an absolute divorce from Mrs. Cothran. The children remained with Mrs. Cothran and were residing with her during 1968. During that year, she received $3,720 from Mr. Cothran, and out of this amount, made the following payments with respect to the house she and the children occupied: Mortgage principal
$621.58
Mortgage interest
451.58
Insurance
45.90
Local property taxes
378.60
On May 7, 1970, the court made a further order pursuant to motions made by Mr. and Mrs. Cothran; Mrs. Cothran's *215 motion requested a modification of the earlier order so as to require Mr. Cothran to defray the college expenses of one of the children, and Mr. Cothran's motion requested an abatement of the earlier order. The court's order stated in part: 3. That the order entered in this matter on February 10, 1965, inadvertently failed to allocate the amount that was specifically awarded to the plaintiff for alimony pendente lite and to the two minor children of the marriage of the plaintiff and defendant for their support, but it was the intention of the parties at that time that the said sum of Three Hundred Ten and 00/100 ($310.00) Dollars per month which the defendant was ordered to pay should have been divided one-third (1/3) to the plaintiff for her support and two-thirds (2/3) to the two minor children of the marriage of the plaintiff and defendant, to-wit: Diane Michelle Cothran and Autumn Lynn Cothran. The requested abatement of the order of support for the two children was denied, but the amount which Mr. Cothran had to pay monthly into court for support was reduced to $206. He was also required to pay one-half of the principal and interest on the mortgage on the residence and *216 one-half of the insurance and taxes. He was also required to pay the college expenses of Diane Michelle. During 1968, Mrs. Cothran also paid certain attorneys' fees which amounted to $2,375.66. Twenty dollars represented fees paid to an attorney for his services in completing her Federal income tax return. For representation in an action to partition real property, $1,635.66 was paid to her local attorney, and $720.00 was paid to a Virginia attorney. The property which was the subject of the suit was a small parcel of residential property located in Manassas, Virginia. Mrs. Cothran's grandmother had a life tenancy in the property; one of her sons, Mrs. Cothran's father, had a vested one-third interest in the remainder. He predeceased his mother, and Mrs. Cothran thereby acquired his interest in the property. Upon her grandmother's death in October 1966, her interest became a one-third share in the fee subject to her stepmother's dower rights. Several members of Mrs. Cothran's family, including her stepmother, Nell Dewey, commenced the partition action in October 1967 against Mrs. Cothran and two others. The complaint requested the court to partition or sell some real *217 property in accordance with a pre-existing sales contract, signed in November 1966, if the court found it impracticable to partition the property. The sales contract stipulated that the sellers were not to be charged a sales commission and that the purchasers would pay the costs of sale. Mrs. Cothran's answer requested the court to protect her interest from the claims of the complainants. The court referred the case to a commissioner who determined that Mrs. Cothran and Mrs. Dewey had conflicting interests in the property and that Mrs. Cothran's interest was subordinate to Mrs. Dewey's rights in the property. The commissioner also found that Mrs. Dewey had extinguished her rights in the property by a quitclaim deed which transferred to Mrs. Cothran any interest Mrs. Dewey might have in the property. The deed had been transferred after the complaint was filed. He further found that the property was not susceptible of partition. On October 8, 1968, the court accepted the commissioner's report and directed that the property be sold in accordance with the sales contract, and that one-third of the proceeds should be paid to Mrs. Cothran, in accordance with her proportionate interest *218 in the property.She did not receive any income from the property during 1967 and 1968. On her Federal income tax return for 1968, Mrs. Cothran reported only $1,240.00 of the alimony payments she received from Mr. Cothran and deducted the full amount she paid as interest on the mortgage and as real estate taxes. She also deducted $2,430.81 as attorneys' fees paid during the year. In his notice of deficiency, the respondent increased the amount of alimony received, disallowed half of the deductions taken for interest and tax payments, and disallowed most of the deduction taken for the attorneys' fees. In his amended answer to the petition, he further increased the alimony received to $3,720.00, conceded that one-half the amounts paid for the mortgage principal and interest, insurance, and taxes were excludable from her taxable income for 1968, and determined the deficiency to be $975.16. The respondent has conceded that the $20 Mrs. Cothran spent for aid in preparing her income tax return for the year is deductible. The petitioner and the respondent have stipulated that Mrs. Cothran received $3,720 from Mr. Cothran in 1968. OPINION In Josephine D. Cothran, 57 T.C. 296 (1971), *219 the petitioner excluded from her gross income two-thirds of the periodic payments which she received from Mr. Cothran in 1966 and 1967 and deducted the entire amounts which she paid during those years as interest on the mortgage on the residence and as property taxes. The Court held that all of the periodic payments were alimony taxable to Mrs. Cothran, that she could exclude from her gross income one-half of the amounts which she paid on the principal and interest on the mortgage on the residence and one-half of the insurance and property taxes, and that she could deduct only one-half of the interest and tax payments. The decision in that case has become final, and the respondent has pleaded and contends that as a result of such decision, the petitioner is collaterally estopped from raising the same issues in the present case.
The doctrine of collateral estoppel applies when "matters which were actually litigated and determined" in a prior proceeding are sought to be relitigated in a subsequent proceeding involving the same parties. In such a case, the matters cannot be litigated in the later proceeding and are deemed to be conclusive on the parties. Commissioner v. Sunnen, 333 U.S. 591, 598 (1948). *220 However, for collateral estoppel to apply, the matters argued in the second proceeding must have been actually "presented and determined in the first suit" and they must be "identical in all respects with that decided in the first proceeding." "[The] controlling facts and applicable legal rules [must] remain unchanged." 333 U.S. at 598, 599-600. A comparison of the Court's findings of facts in Josephine D. Cothran, supra, and the facts we have found in the present case, shows that there is no material difference in the facts concerning the alimony payments and the payments on the home mortgage, insurance, and property taxes - the only differences involve the years and the amounts of the payments. It has not been demonstrated that any important or controlling fact has changed in 1968 from that in 1966 and 1967. The testimony, exhibits, and stipulations proffered in both cases are essentially the same. The differences as to the amounts and years have no significance in the decision of the legal issues. In the earlier case, the petitioner contended that two-thirds of the alimony payments were not taxable to her because they were intended as child *221 support. However, the Court rejected that argument, pointing out that under section 71(b) and the Supreme Court's holding in Commissioner v. Lester, 366 U.S. 299 (1961), only those amounts that are "fixed" as child support are excludable from the gross income of the former wife. This Court also considered the order of the North Carolina court on May 7, 1970, and its statement concerning the intention to treat part of the periodic payments as child support; nevertheless, this Court found that such statement was insufficient to meet the test established by section 71(b) and Lester. This Court also found that since the petitioner was acting as the agent for Mr. Cothran in making part of the payments on the mortgage, the insurance, and the property taxes, she was not taxable on the one-half of such payments which she made on his behalf, but that since he was in effect paying one-half of the interest and taxes, she was entitled to deduct only the one-half of such payments which she made on her own behalf. The petitioner argues that collateral estoppel is not applicable because there has been a significant change in the applicable law. She contends that the North Carolina *222 law applicable to divorce and alimony was significantly changed in October 1967 and that since such date, North Carolina law makes no provision for the payment of alimony to a former wife. However, those changes in the North Carolina law were made inapplicable to pending proceedings. N.C. Sess. Laws, ch. 1152, § 9 (1967). The payments which Mrs. Cothran received from Mr. Cothran in 1968 were established by the order of the North Carolina court, February 10, 1965, and no changes were made in the payments for 1968 as a result of the changes in the North Carolina statute. Not until 1970 did the court modify its order and relieve Mr. Cothran of the responsibility of making further alimony payments to Mrs. Cothran. Thus, although the North Carolina statutes were changed in 1967, there was no change in the law applicable to the payments received in 1968. We hold that collateral estoppel is applicable and that our holding in Josephine D. Cothran, 57 T.C. 296 (1971), governs the tax treatment of the alimony payments received by Mrs. Cothran in 1968 and the payments of the principal and interest on the mortgage, of insurance, and of property taxes made by her in that year. *223 The second issue we must decide is whether the petitioner is allowed to deduct certain legal fees, incurred in connection with her defense of a partition action and paid during 1968. The issue involves section 212, which provides, in part, that: In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income * * * Whether section 212 applies to allow Mrs. Cothran to deduct the legal fees she paid depends on the "origin and character" of the claim she asserted in the partition action. United States v. Gilmore, 372 U.S. 39, 42 (1963). In Vincent Boagni, Jr., 59 T.C. 708, 713 (1973), we said: In its two most recent opinions on the subject, Woodward v. Commissioner, 397 U.S. 572 (1970), and United States v. Hilton Hotels, 397 U.S. 580 (1970), the Supreme Court enunciated the rule that in cases where the litigation involved the acquisition or disposition of capital assets, the origin and character *224 of the claim, rather than the taxpayer's primary purpose in litigating the claim, are the controlling criteria in deciding whether the expenditure should be capitalized. This Court has extended the same rule to cases involving the defense or perfection of title to property. Stass Reed, 55 T.C. 32, 39-41 (1970). The evidence in this case shows that Mrs. Cothran inherited an interest in the property and that in the partition suit her claim was to protect that interest against the dower rights of her stepmother. There has been no showing that the property produced income and that the litigation concerned the right to any income. On the contrary, all the facts presented by the record show that her claim was concerned solely with the protection of her interest in the property from her stepmother's interest. Her answer, wherein she requested the Court to protect her rights in the property, the negotiation between the lawyers which culminated in Mrs. Dewey's release of her rights, and the outcome of the case, whereby Mrs. Cothran received, free of Mrs. Dewey's interest, one-third of the proceeds from the sale - all show that the state of her title was the subject of her *225 participation in the suit. As the expenses were incurred pursuant to the perfection and defense of her title, the expenses are nondeductible capital expenditures. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. ↩